UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DENNISE GURFINKIEL,<br>Defendant. | Case No.:  21-CR-2002-GPC<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 62]** |

On April 10, 2023, with the assistance of counsel, Defendant Dennise Gurfinkiel ("Defendant" or "Gurfinkiel") filed a Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A).  ECF No. 62.  On April 24, 2023, the United States filed its Opposition.  ECF No. 64.  On April 25, 2023, Gurfinkiel filed her Reply.  ECF No. 65.  For the reasons below, Gurfinkiel's Motion is **DENIED**.

## BACKGROUND

Gurfinkiel was convicted by guilty plea of Wire Fraud in violation of 18 U.S.C. § 1343. ECF No. 27 (Judgment). On November 22, 2021, this Court sentenced her to 10 months imprisonment and 3 years of supervised release. ECF No. 27 at 2–3. Gurfinkiel self-surrendered on or about October 12, 2022, (ECF No. 56), and she is currently incarcerated at the Victorville Federal Prison Camp ("Victorville"), (ECF No. 62-1 at 1).

Gurfinkiel seeks compassionate release because she has not been moved to a Residential Treatment Center ("RTC"), and because her mental illness makes her susceptible to the Covid-19 crisis. ECF No. 62-1 at 3-4. Gurfinkiel states that the Bureau of Prisons ("BOP") could not transfer her to a Residential Treatment Center ("RTC") because "[t]here is no person to complete the paperwork for such a transfer." *Id.* at 3–4. In addition, Gurfinkiel alleges that she suffers from major depressive disorder, mood stressors, relational issues, generalized anxiety disorder, and alcohol abuse. *Id.* At 4. She points out that these mental illnesses are "all the more serious" within the context of the BOP's Covid-19 response. *Id*. She argues that these circumstances constitute "extraordinary and compelling reasons" for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 62 at 1.

Gurfinkiel is 35 years old.  ECF No. 11 ("PSR") at 2. She has six prior criminal convictions, including one for grand theft by employee. *Id.* at 6–9. Gurfinkiel states that she submitted her Sentence Reduction Request to the Victorville Warden on November 18, 2022, and it was denied on February 6, 2023. ECF No. 62-2 at 1 (letter of denial).

## DISCUSSION

Gurfinkiel moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant parts that "[t]he court may not modify a term of imprisonment once is has been imposed," except:

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal

2

> a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are four questions before the Court: (1) whether Gurfinkiel has satisfied the administrative exhaustion requirement; (2) whether Gurfinkiel has demonstrated extraordinary and compelling reasons for a sentence reduction; (3) whether any reduction in Gurfinkiel's sentence would be consistent with applicable policy statements issued by the Sentencing Commission; and (4) whether the § 3553(a) factors, to the extent they are applicable, weigh against Gurfinkiel's sentence reduction. *See also United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (discussing steps a district court must take to grant or deny a motion for compassionate release under the First Step Act).

Under the original compassionate release statute, only the BOP Director could file a § 3582(c)(1)(A) motion on behalf of a Defendant. *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). In 2018, Congress passed the First Step Act and amended § 3582(c)(1)(A) to allow a defendant to directly petition the court for a sentence reduction, provided they have met the exhaustion requirement. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194; *see also United States v. Young*, 458 F. Supp. 3d 838, 844 (M.D. Tenn. 2020) ("The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition

or its failure to respond to a prisoner's request . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A).").

### A.   Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement requiring a defendant to fully exhaust all administrative rights to appeal before a defendant may move the court for release. Under this requirement, courts may consider a motion for compassionate release only if defendant has either fully exhausted all administrative remedies or 30 days have lapsed from the receipt of such a compassionate release request by the warden, whichever is earlier.

On November 18, 2022, Gurfinkiel submitted her release request to the Victorville Warden. ECF No. 62-1 at 1. Warden McKinney denied her request on February 6, 2023. *Id*. at 1–2. Gurfinkiel filed her compassionate release motion in this Court on April 10, 2023. *See id*. The Government does not dispute that Gurfinkiel has met the exhaustion requirement. Thus, the Court finds that Gurfinkiel has properly exhausted administrative remedies and proceeds to the merits of the Motion.

### B.   Extraordinary And Compelling Reasons

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress did not provide a statutory definition as to what constitutes "extraordinary and compelling reasons," and instead stated that the Sentencing Commission should provide guidance on what is appropriately considered "extraordinary and compelling reasons" that warrant a sentence reduction. *Aruda*, 993 F.3d at 800.

Prior to the First Step Act, the Sentencing Commission's applicable policy statement was found at U.S.S.G. § 1B1.13[1] Application Note 1 to this Guidelines provision describes four categories of "extraordinary and compelling reasons": (1) Medical Condition of the Defendant; (2) Age of the Defendant; (3) Family Circumstances; and (4) any other extraordinary and compelling reason as determined by the Director of BOP. *Id.* at 801. However, as noted by the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "the Sentencing Commission has not updated § 1B1.13 since the First Step Act amended § 3582(c)(1)(A) [in 2018]. The current version of § 1B1.13 refers only to motions filed by the BOP Director, and does not reference motions filed by a defendant as now allowed . . . ." *Id.* As a result, the *Aruda* Court held that Section 1B1.13 is not an "applicable policy statement[]" for motions under 18 U.S.C. § 3582(c)(1)(A) filed by a defendant. *Id.* at 802. The Court therefore may consider the Sentencing Commission's guidance in Section 1B1.13, but the Court is not bound by the Commission's definition of extraordinary and compelling reasons. *Id.*

---

[1] Section 1B1.13 provides in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
>
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

The Court must determine whether Gurfinkiel presents extraordinary and compelling reasons justifying her release. The Court is not bound by Section 1B1.13. *See Wright*, 46 F.4th at 946 (stating § 1B1.13 cannot be treated as binding on a district court). Gurfinkiel argues that "in light of the coronavirus pandemic in the Bureau of Prisons" and her struggle with mental illness, compassionate release is warranted and appropriate. ECF No. 62-1 at 4. Gurfinkiel states that she suffers from major depressive disorder, mood stressors, relational issues, generalized anxiety disorder, and substance abuse. *Id*. However, Gurfinkiel does not provide the Court with any of her medical records or any specific facts tending to show that she is unable to reasonably manage these conditions or that these conditions are exacerbated by the Covid-19 pandemic. Although the nature of these mental illnesses suggest that they existed prior to her sentencing hearing, the Government points out in its Opposition that "the only issue reported in the PSR concerned [Gurfinkiel's] substance abuse." ECF No. 64 at 2. Accordingly, the Court finds that there is not sufficient evidence to establish that Gurfinkiel suffers from a serious medical condition that could justify her release.

In addition, Gurfinkiel contends that the BOP's failure to transition her "from prison to a Residential Recovery Center or [] home confinement" presents unique and exceptional circumstances justifying compassionate release. ECF 65 at 1; ECF No. 62-1 at 2–4. Gurfinkiel alleges that she has not been transferred to an RTC simply because Victorville lacks a case manager to handle her transition. ECF 62-1 at 3. The Court does not find that the failure to transfer Gurfinkiel to an RTC constitutes extraordinary and compelling reasons justifying her release. First, although defense counsel predicts Gurfinkiel would be transferred to an RTC and argues the only hurdle to the transfer is the lack of personnel at the prison, the Court recognizes this involves a degree of speculation. Further, the Court is not aware of any Ninth Circuit precedent or district court cases establishing that a prison staffing shortage is an extraordinary and compelling

reason justifying release. The Court recognizes Gurfinkiel's frustration with BOP's "bureaucratic mishap", (ECF 62-1 at 3), however, the Court finds that the failure to transfer Gurfinkiel to an RTC does not present an extraordinary and compelling reason supporting her immediate release, particularly in light of the fact the Court already engaged in a substantial downward departure from the sentencing recommendation of the Guidelines and the Government. *See* ECF No. 16 (Government requesting 27 months custody and finding Guidelines range from 27 to 33 months).

Accordingly, although the Court does not discount the struggles Gurfinkiel has faced while in custody, the Court finds that Gurfinkiel has not demonstrated extraordinary and compelling reasons for release based on the failure to transfer her to an RTC or her medical conditions.

### IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 2, 2023

Hon. Gonzalo P. Curiel
United States District Judge